STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
CHERIE M. SUTHERLAND (SBN 217992)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone:    650.637.9100
Facsimile:    650.637.8071

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HENDERSON and HEATHER COOPER-ROTH,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY; and DOES 1-10,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant State Farm General Insurance Company (hereinafter "State Farm") hereby removes to this Court the state action described below:

1.      State Farm is a defendant in the civil action commenced on December 23, 2019 in the Superior Court of the State of California, County of Alameda, Case No. RG19047941, entitled David Henderson, et al. v. State Farm General Insurance Company.   A copy of the complaint is attached hereto as Exhibit "1" and is incorporated as part of this notice.  The complaint allegedly was served on State Farm on February 10, 2020.

2.      State Farm filed its answer to plaintiff's complaint in state court on March 10, 2020. A true and correct copy of its answer to plaintiffs' complaint is attached hereto as Exhibit "2" and is incorporated as part of this notice of removal and removal.

1112594

3.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4.   The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of the damages sought in the complaint.  Plaintiffs owned a condominium in Oakland, California.  (Complaint, ¶ 1.)  On or about September 15, 2018, plaintiffs' condominium was damaged by water that backed up into the property.  (Complaint, ¶ 5.)  Plaintiffs were insured by State Farm and they submitted a claim.  (Complaint, ¶ 9.)  State Farm denied the claim.  (Complaint, ¶ 13.)  Plaintiffs contend they sustained substantial damage, including diminution in value and/or cost of repair of the condominium, loss of use of the property, loss rental value, and storage expenses in an amount allegedly in excess of $200,000.  (Complaint, ¶ 8.)

5.   Plaintiffs also seek general damages and prejudgment interest based on State Farm's handling of their claims.  (Complaint, p. 8:2-4.)

6.   Plaintiffs also seek recovery of the attorney fees and costs for this action.  (Complaint, p. 8:5-6 and p. 8:8.)  The claim for attorney fees and costs constitutes an element of plaintiffs' special damages on a theory that plaintiff incurred these so-called *Brandt* fees to recover unreasonably withheld policy benefits.  *Brandt v. Superior Court*, 37 Cal.3d 813 (1985).

7.   Plaintiffs also seek punitive damages.  (Complaint, p. 8:7.)  Even if the Court adopts a "due process multiplied" of just one times actual damages, the amount of controversy would be more than $75,000. *Johnson v. Ford Motor Co.*, 35 Cal.4th 1191 (2005); *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007).

8.   At the time of the commencement of this action, and at all times since, State Farm

has been, and still is, a corporation of the State of Illinois, being incorporated under the laws of Illinois, and has had and continues to have its principal place of business in Illinois. (Complaint, ¶ 2.)  Plaintiffs David Henderson and Heather Cooper-Roth are and continue to be citizens of the State of Texas as residents of Austin, Texas.

9.      This action was brought in the State of California.  This corporate defendant is not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and does not have at the time of the institution of this action, and does not have now, its principal place of business in California.

## DEMAND FOR JURY TRIAL

State Farm General Insurance Company hereby demands a trial by jury.

Dated:  March 10, 2020                    HAYES SCOTT BONINO ELLINGSON
                                          GUSLANI SIMONSON & CLAUSE LLP


                                          By_____
                                             STEPHEN M. HAYES
                                             STEPHEN P. ELLINGSON
                                             CHERIE M. SUTHERLAND
                                             Attorneys for Defendant
                                             STATE FARM GENERAL INSURANCE
                                             COMPANY

**STATE FARM GENERAL INS. CO.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

# EXHIBIT 1

1   Daniel W. Ballesteros (SBN 142003)
    dan.ballesteros@hogefenton.com
2   Daniel J. Marsh (SBN 284948)
    daniel.marsh@hogefenton.com
3   HOGE, FENTON, JONES & APPEL, INC.
    60 South Market Street, Suite 1400
4   San Jose, California 95113-2396
    Phone: 408.287.9501
5   Fax: 408.287.2583

6   Attorneys for Plaintiffs DAVID HENDERSON
    and HEATHER COOPER-ROTH

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 3 2019

CLERK OF THE SUPERIOR COURT
By       DEBRA FURTADO
                                    Deputy

**Filed By Fax**

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10

11   DAVID HENDERSON and HEATHER            Case No.  RG 1 9 0 4 7 9 4 1
     COOPER-ROTH,
12
              Plaintiffs,               COMPLAINT FOR:
13
         v.                              1.  Breach of Insurance Contract
14                                       2.  Insurance Bad Faith
     STATE FARM GENERAL INSURANCE
15   COMPANY; and DOES 1 - 25, inclusive,

16            Defendants.

17

18       COMES NOW Plaintiffs DAVID HENDERSON and HEATHER COOPER-ROTH

19   (collectively, "Plaintiffs"), and for causes of action against Defendant STATE FARM

20   GENERAL INSURANCE ("State Farm") complain and allege the following:

21                                **PARTIES**

22       1.      Plaintiffs DAVID HENDERSON and HEATHER COOPER-ROSS are, and

23   at all time herein mentioned were, the owners of real property located at 428 Alice Street,

24   Apartment 208, Oakland, California 94607 ("Condominium"). The Condominium is part of

25   a Homeowners Association known as 428 Alice Owners Association.

26       2.      Plaintiffs are informed and believe that Defendant STATE FARM GENERAL

27   INSURANCE is, and at all times mentioned herein was, an Illinois corporation qualified to

28   do business, and doing business, in the State of California as a property insurer.

3610169                                  -1-

1 | Plaintiffs are informed and believe that Defendant is, and at all relevant was, doing
2 | business in the County of Alameda.

3 |     3.    Plaintiffs are informed and believe that DOES 1 – 25 are person or entities
4 | qualified to do business in the State of California and County of Santa Clara.  The true
5 | names and capacities, whether individual, corporate, associate, or otherwise, of the
6 | Defendants named herein as DOES 1 – 25 are unknown to Plaintiffs at this time, and for
7 | that reason, Plaintiffs sues said Defendants by fictitious names.  Plaintiffs will seek leave
8 | to amend this Complaint to allege the true names and capacities of said Defendants
9 | when they have been ascertained.

10 |     4.    Plaintiffs are informed and believe that each of the fictitiously named
11 | Defendants designated as DOES 1 – 25 is in some manner legally responsible to
12 | Plaintiffs for the acts, omissions, and damages set forth in this Complaint.

13 |     5.    Plaintiffs are informed and believe and thereon allege that each said
14 | Defendant is, and at all times herein mentioned was, the agent, joint venture, subdivision,
15 | subsidiary, affiliate and/or employee of each and every other Defendant and acting in the
16 | course and scope of such agency or employment at the time of the acts and wrongdoing
17 | alleged herein.

18 |     6.    This Court has jurisdiction over this case and venue is proper here because
19 | the property damage and a substantial part of the events and omissions giving rise to this
20 | Complaint occurred in this County.

21 | **NATURE OF LAWSUIT**

22 |     7.    This Complaint arises from the wrongful denial of property coverage by
23 | Defendants with respect to a property damage claim submitted by its insureds, Plaintiffs.

24 | **BACKGROUND FACTS**

25 |     8.    On or about September 5, 2018, Plaintiffs' Condominium was damaged by
26 | water that backed up into the Condominium ("Incident").  Plaintiffs are informed and
27 | believe, and thereon allege, that the backup was caused by blocked pipe located in the
28 | Homeowners Association.  The water backup resulted in substantial damage to Plaintiffs',

1  including diminution in value and/or cost of repair of the Condominium, loss of use of the

2  property, lost rental value, and storage expenses in an amount believed to be in excess

3  of $200,000.  Additionally, Plaintiffs have been forced to initiate litigation against the

4  Homeowners Association, resulting in substantial attorney fees and costs.

5       9.      At the time of the Incident, Plaintiffs were insured by a Rental Condominium

6  Unitowners Policy issued by State Farm, Policy No. 97-C5-W530-4 ("Policy").  The

7  Policy, effective August 2, 2018 to August 2, 2019, provided coverage for property

8  damage and loss of rents.

9       10.     Plaintiffs are informed and believe that the Policy was an "all-risk" policy,

10  that includes coverage to all damage to the Condominium so long as it results from a

11  "Covered Cause of Loss."

12       11.     Plaintiffs paid all premiums when due, both before and after the Incident,

13  and otherwise performed all conditions required for enjoyment of the Policy's insurance

14  benefits.

15                    **DEFENDANT DENIES PLAINTIFFS' CLAIM**

16       12.     In September 2018, immediately following the Incident, Plaintiffs submitted

17  a claim to State Farm for the property damage to their Condominium.

18       13.     On December 28, 2018, State Farm wrongly issued a written denial of

19  coverage for Plaintiffs' claim ("Denial Letter").  The Denial Letter erroneously contended

20  there was not coverage for the claim because the water that backed up into their kitchen

21  came from "outside your plumbing system."  In making this claim, State Farm relied on an

22  exclusion in the Policy which states that State Farm does not insure for water damage

23  that arises from "water from outside the plumbing system that enters through sewers or

24  drains."  Attached hereto as Exhibit 1 is a true and correct copy of State Farm's

25  December 28, 2018 Denial Letter.

26       14.     On or about February 12, 2019, Plaintiffs' then counsel sent State Farm a

27  letter requesting that Defendant reconsider its wrongful denial of coverage.  The letter

28  correctly noted that the water "backed-up" through the plumbing system, and therefore

1 coverage was provided. State Farm responded to Plaintiffs' February 12, 2019 letter by

2 simply re-sending a copy of its December 28, 2018 Denial Letter.

3        15.    On April 26, 2019, Plaintiff's counsel again wrote a letter to State Farm

4 requesting that State Farm reconsider its wrongful denial of property damage coverage.

5 The reconsideration letter correctly noted that State Farm's assertion that the water came

6 from "outside *your* plumbing system" improperly inserted language into the Policy which

7 did not otherwise exist in an effort to limit coverage, citing to *Palp, Inc. v. Williamsburg*

8 *National Ins. Co.* (2011) 200 Cal.App.4th 282, 290. The letter stated that nowhere in the

9 Policy does the phrase "your plumbing system" exist, nor was the term "plumbing system"

10 defined in the Policy. The letter further asserted that an insured would reasonably expect

11 that the term "plumbing system" in a policy specifically tailored to provide coverage to a

12 condominium unit in a condominium complex would include the plumbing system which

13 delivered water to (and carried waste away from) the unit. The letter noted that the

14 subject condominium complex had a single plumbing system that supplied water for all

15 units, including Plaintiffs' Condominium; and that the water causing damage to the

16 Condominium backed up into the Condominium as a result of a blockage in the HOA's

17 plumbing system. In other words, the water did not come from a flood, a blocked water

18 line located on city property, or somewhere else outside the building, but came from

19 inside the condominium's plumbing system. Attached hereto as Exhibit 2 is a true and

20 correct copy of Plaintiffs' April 26, 2019 letter requesting reconsideration.

21        16.    On July 23, 2019, State Farm sent a letter to Plaintiffs' counsel, it which it

22 re-iterated its wrongful denial of coverage. State Farm's letter failed to address any of

23 the positions or legal authority contained in Plaintiffs' April 26, 2019 letter. Rather, State

24 Farm's letter conclusorily repeated its assertion that there was no coverage because the

25 backup came from "outside *your* plumbing system," and referred Plaintiffs to language

26 from endorsement FE-5310. Endorsement FE-5310 has no bearing on coverage for the

27 claim, but simply confirmed that the Policy covered damages to Plaintiffs' real property,

28 including the water damage. Attached hereto as Exhibit 3 is a true and correct copy of

1  State Farm's July 23, 2019 letter.

2       17.   Plaintiffs' counsel responded to State Farm's July 23, 2019 letter.  In the

3  response, Plaintiffs' counsel noted that State Farm's letter failed to address any of the

4  issues raised in the April 26, 2019 correspondence.  The letter stated that State Farm's

5  position continued to improperly rely on the term "*your* plumbing system," which does not

6  exist in the Policy.  The letter correctly asserted that endorsement FE-5310 had no

7  bearing on the existence of coverage in this matter and that State Farm's reliance on the

8  endorsement demonstrated an attempt to conflate causation with damages.  All the

9  damage for which Plaintiffs were seeking coverage were limited to "alterations,

10  appliances, fixtures and improvements which are part of the building contained within"

11  Plaintiffs' unit.  Accordingly, endorsement FE-5310 *confirmed* the existence of coverage.

12  Attached hereto as Exhibit 4 is a true and correct copy of Plaintiffs' counsel's letter

13  responding to State Farm's July 23, 2019 denial.

14       18.   On September 5, 2019, State Farm responded to Plaintiff's counsel's letter.

15  In its response, State Farm stated, without any legal support or explanation, that it would

16  not change its position as to the interpretation of "The Plumbing System."  Attached

17  hereto as Exhibit 5 is a true and correct copy of State Farm's September 5, 2019 letter.

18  **FIRST CAUSE OF ACTION**

19  **(Breach of Insurance Contract against DEFENDANT and DOES 1-25, inclusive)**

20       19.   Plaintiffs hereby incorporate paragraphs 1 through 18 above, as though

21  fully set forth herein.

22       20.   Plaintiffs are informed and believe that they have satisfied all conditions of

23  the Policy issued by Defendants, and that Plaintiffs are entitled to receive full benefits of

24  the coverage thereunder.

25       21.   Defendants breached their contractual obligations to Plaintiffs by wrongfully

26  denying Plaintiffs' claim for property damage and loss rent benefits.

27       22.   As a direct and proximate cause of Defendants' breach of their contractual

28  obligations, Plaintiffs have been damaged in an amount exceeding $200,000 in an

3610169

1 | amount to be determined according to proof at trial.

2 |   WHEREFORE, Plaintiffs pray for Judgment as hereinafter set forth.

3 | **SECOND CAUSE OF ACTION**

4 | **(Insurance Bad Faith against DEFENDANT and Does 1-25, inclusive)**

5 |   23. Plaintiffs hereby incorporate paragraphs 1 through 22 above, as though

6 | fully set forth herein.

7 |   24. The Policy contains an implied covenant of good faith and fair dealing,

8 | which obligates Defendants to act in good faith with respect to all aspects of handling any

9 | claim asserted by Plaintiffs, and to refrain from taking any action that interferes with

10 | Plaintiffs' right to enjoy the full benefits of property coverage.

11 |   25. Defendants have breached its duty of good faith and fair dealing owing to

12 | Plaintiffs as follows:

13 |    a. By unreasonably, and without proper cause, withholding policy benefits due

14 |     under the Policy;

15 |    b. By engaging in a self-serving and unreasonable interpretation of the Policy,

16 |     including adding terms to the Policy in an effort to limit coverage;

17 |    c. By unreasonably, and without proper cause, ignoring facts giving rise to the

18 |     coverage and engaging in a self-serving and unreasonable interpretation of

19 |     the water damage limitation;

20 |    d. By oppressively forcing Plaintiffs to institute litigation against the

21 |     Homeowners Association that could have been prevented by the payment

22 |     of insurance benefits wrongfully withheld;

23 |    e. By oppressively forcing Plaintiffs to institute litigation to recover the

24 |     amounts due under the Policy.

25 |   26. As a direct and proximate cause of Defendants' breach of the implied

26 | covenant of good faith and fair dealing, Plaintiffs have suffered loss of insurance benefits

27 | in a sum exceeding $200,000, plus interest, in an amount to be determined according to

28 | proof at trial.

27.    As a further direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have been compelled to incur attorney fees and other expenses to pursue its right to insurance benefits due under the Policy, causing Plaintiffs to suffer further loss in an amount to be determined according to proof at trial.

28.    As a further direct and proximate cause of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have been compelled to incur attorney fees and other expenses to pursue indemnification from other persons and entities, causing Plaintiffs to suffer further loss in an amount to be proven at the time of trial.

29.    Plaintiffs are informed and believe that Defendants intentionally engaged in a course of conduct which was intended or expected to injure Plaintiffs, in conscious disregard of Plaintiffs' right to receive the coverage benefits due under the Policy as alleged in this complaint. Plaintiffs are informed and believe that these acts were willful, despicable, oppressive and/or fraudulent as contemplated by California Civil Code section 3294, and that all were done with the knowledge, approval and ratification of Defendants. In order to deter such conduct by Defendants in the future, and to prevent repetition of such conduct as a practice, Plaintiffs pray for exemplary and punitive damages.

WHEREFORE, Plaintiffs pray for Judgment as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

### On the First Cause of Action

1.    For damages, including compensation for loss of insurance benefits in an mount exceeding $200,000, to be proven at time of trial;

2.    For prejudgment interest;

3.    For costs of suit incurred herein; and

4.    Such other and further relief as the Court deems just and proper.

**<u>On the Second Cause of Action</u>**

1. For damages, including compensation for loss of insurance benefits in an mount exceeding $200,000, to be proven at time of trial;

2. For prejudgment interest;

3. For reasonable attorney fees incurred to obtain the benefits of insurance wrongfully withheld by Defendant;

4. For exemplary and punitive damages;

5. For costs of suit incurred herein;

6. Such other and further relief as the Court deems just and proper.

DATED: December 23, 2019          HOGE, FENTON, JONES & APPEL, INC.

By: _____
Daniel J. Marsh
Attorneys for Plaintiffs DAVID HENDERSON
and HEATHER COOPER-ROTH

3610169

# EXHIBIT 1



State Farm General Insurance Company

December 28, 2018

Heather Cooper and David Henderson
2111 Poquito St
Austin, TX 78722-2435

State Farm Insurance Companies
Fire Claims
PO BOX 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

RE:   Claim Number:  05-5717-Q55
       Policy number:  97-C5-W530-4
       Date of Loss:   09-05-2018

Dear Heather and David:

Thank you for speaking with me on September 12th, 2018, when we discussed the backup of
water through your kitchen sink drain.   You advised when the property manager entered your
unit, there was no water running and that the water smelled like sewage.  You also advised me
that no one was living in the unit at the time of the loss.   It appears the water that backed up
into your kitchen came from outside your plumbing system.  Your Rental Condominium
Unitowners policy does not cover damage to your condominium unit that is caused by water that
backs up into your condo, when that water comes from outside your plumbing system.
Unfortunately this loss is not a covered loss.

Loss of rents would not be covered in this situation because the Loss of rents did not occur as a
result of a covered loss.

Please refer to the following language from your Rental Condominium Unit Owners policy form
number FP-6131, which states in part:

**COVERAGE A - BUILDING PROPERTY, COVERAGE B - PERSONAL
PROPERTY AND COVERAGE D - LOSS ASSESSMENT**

**SECTION I - LOSSES INSURED**

We insure for accidental direct physical loss to the property covered under this
policy except as provided in Section I - Losses Not Insured.

**SECTION I – LOSSES NOT INSURED**

Heather Cooper and David Henderson
Page 2
December 28, 2018

2.    We do not insure under any coverage for any loss which would
not have occurred in the absence of one or more of the following
excluded events. We do not insure for such loss regardless of: (a)
the cause of the excluded event; or (b) other causes of the loss; or
(c) whether other causes acted concurrently or in any sequence
with the excluded event to produce the loss; or (d) whether the
event occurs suddenly or gradually, involves isolated or
widespread damage, arises from natural or external forces, or
occurs as a result of any combination of these:

Water Damage, meaning:

(1)    flood, surface water, waves, tidal water, overflow of
a body of water, or spray from any of these, all
whether driven by wind or not;

(2)    water from outside the plumbing system that enters
through sewers or drains, or water which enters
into and overflows from within a sump pump, sump
pump well or any other system designed to remove
subsurface water which is drained from the
foundation area; or

However, we do insure for direct loss by fire, explosion or
theft resulting from water damage, provided the resulting
loss is itself a Loss Insured.

## COVERAGE C - LOSS OF RENTS

1.    **Fair Rental Value.** If a Loss Insured causes the residence premises rented
to others or held for rental by you to become uninhabitable, we cover its fair
rental value. Payment shall be for the shortest time required to repair or
replace the part of the premises rented or held for rental but not exceeding 12
consecutive months from the date of loss. This period of time is not limited by
expiration of this policy. Fair rental value shall not include any expense that
does not continue while that part of the residence premises rented or held
for rental is uninhabitable

The California Fair Claims Settlement Practices Regulations state that you must be
notified of the following policy provision concerning suits against State Farm:

## SECTION I – CONDITIONS

8.  **Suit against Us.** No action shall be brought unless there has been compliance
with the policy provisions and the action is started within one year after the date
of loss or damage.

Heather Cooper and David Henderson
Page 3
December 28, 2018

The one period referred to does not include the time we take to investigate your claim. The time from the date of loss September 05, 2018 to the date you reported your claim to your agent does count in computing the amount of time that has already expired. The one year suit limitation period is again running as of the date of this letter.

**We are required by California Insurance Regulations, Section 2695.7(b)(3), to advise you that if you believe this claim, or any part of this claim, has been wrongfully denied or rejected, you may have the matter reviewed by the California Department of Insurance, Claims Service Bureau, 300 South Spring Street, Los Angeles, California 90013, telephone 1-800-927-4357.**

We realize that you have suffered a financial loss and regret that we are unable to make payment for this claim. If there is additional information regarding this claim or if you need any additional explanation, please feel free to call us at the number and extension listed below. Our office hours are 6 a.m. to 9 p.m. Central time, Monday through Friday, and 7:30 a.m. to 7 p.m. on Saturday. Any claim representative will be able to assist you.

Sincerely,

Scott Bagwell
Claim Representative
972-657-1298

State Farm General Insurance Company

# EXHIBIT 2

# HOGE ◦ FENTON
### ATTORNEYS

Daniel J. Marsh
408.947.2405
daniel.marsh@hogefenton.com

April 26, 2019

VIA ELECTRONIC AND U.S. MAIL

Scott Bagwell
Claims Representative
State Farm General Insurance Company
PO Box 106169
Atlanta, GA 30348
statefarmfireclaims@statefarm.com

> Re:   Henderson v. 428 Alice Owners Association
> Policy No.   : 97-C5-W530-4
> Claim No.   : 05-5717-Q55
> Date of Loss: September 5, 2018
> Our File No. : 200516

Dear Mr. Bagwell:

This firm has been retained by your insureds, David Henderson and Heather Cooper-Ruth, in response to the decision of State Farm General Insurance Company ("State Farm") to deny coverage for the above referenced claim. The claim was submitted to State Farm under your insured's Homeowner's Insurance Policy, Policy No. 97-C5-W530-4 ("Policy"); and was wrongly denied.

As a reminder, the property damage at issue herein was caused by water, from within the plumbing system of a condominium complex, that escaped that system and entered into your insureds' living space. The exclusion relied on in State Farm's denial is intended to limit your insureds' coverage for water coming from outside the plumbing system, such as be a publicly maintained water line outside the building or by a storm or flood.

On December 28, 2018, State Farm denied coverage for the claim under Coverage A (Building Property), Coverage B (Personal Property) and Coverage D (Loss Assessment) of the Policy. State Farm reaffirmed its denial of coverage on or about February 20, 2019, when it re-sent a copy of its December 28, 2018 denial letter in response to a request for reconsideration by your insured's then counsel, Doug Poulin. I have read your denial letter and disagree with State Farm's position that the claim is excluded because the property damage resulted from water damage caused by water "outside the plumbing system."

Scott Bagwell
April 26, 2019
Page 2

This letter presents State Farm with one final opportunity to reconsider its wrongful denial of coverage based on its unfounded interpretation of the Policy.

## FACTS

This claim arises out of damage to your insureds' property, located at 428 Alice Street, Unit 208, Oakland, California ("Property") on or about September 5, 2018. The Property is a unit in a condominium complex that is operated by a Homeowners Association. The damage occurred when a pipe located in the condominium's plumbing system became blocked, causing water to back up within the Property's plumbing system and into your insureds' unit through their kitchen sink.

Your insureds timely submitted their claim for property damage to State Farm. As noted above, State Farm wrongly denied the claim on December 28, 2018; and "reaffirmed" that denial on February 20, 2019.[1]

As a result of State Farm's wrongful denial of the claim, your insureds have incurred attorney fees in attempting to mitigate their damages by initiating litigation against the HOA for negligence. That lawsuit was filed on April 8, 2019.

## STATE FARM'S WRONGFUL DENIAL OF COVERAGE

I have read State Farm's December 28, 2018 letter, which purports to identify the coverage issues that led to the denial of coverage. In that letter, State Farm denied property coverage to your insureds based on the exclusion in the Policy which excludes coverage for property damage cause by "water damage."

Specifically, State Farm cites to the following exclusion in support of its denial of property damage:

**SECTION I – LOSSES NOT INSURED**

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of: (1) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

---

[1] State Farm reaffirmed the denial by simply resending its December 28, 2018 letter in response to your insureds' counsel's request for reconsideration.  As such, it cannot accurately be said that State Farm ever considered the position stated in your insureds' reconsideration request, further evidencing State Farm's lack of good faith in the handling of this claim.

Scott Bagwell
April 26, 2019
Page 3

> **Water Damage,** meaning:

> \*       \*       \*

> > (2) water from outside the plumbing system that enters
> > through sewers or drains, or water which enters into and
> > overflows from within a sump pump, sump well or any other
> > system designed to remove subsurface water which is
> > drained from the foundation area[.]

State Farm's assertion that the water came from "outside *your* plumbing system" improperly inserts language into the Policy which does not exist in an effort to limit coverage; and is simply flat out wrong. (*See Palp, Inc. v. Williamsburg National Ins. Co.* (2011) 200 Cal.App.4th 282, 290 (Insurance policy's coverage provisions must be interpreted *broadly* to afford the insured the greatest possible protection).) Nowhere in the Policy does the phrase "*your* plumbing system" exist, nor is the term "plumbing system" defined. Your insureds reasonably expected that the term "plumbing system" in a policy specifically tailored for providing coverage to a condominium unit in a condominium complex would include the plumbing system which delivered water to (and carried away waste from) the unit. (*See Feurzeig v. Insurance Co. of the West* (1997) 59 Cal.App.4th 1276, 1282 (ambiguity in insurance policy is resolved by interpreting the language in accordance with the insured's objectively reasonable expectations).)

State Farm appears to be intentionally obfuscating and misreading the exclusion. First, State Farm is misreading the exclusion to apply to water originating within a plumbing system. Second, State Farm is attempting to argue that "the plumbing system" is somehow intended to exclude the condominium's plumbing system. Not only does the Policy language not support such an interpretation but, if that were the case, to what end is a condominium unit owner being sold the coverage?

The subject condominium complex that has a single plumbing system that supplies water for all units, including the Property. Here, the water causing damage to the Property backed up into the kitchen sink from inside the HOA's plumbing system. In other words, the water did not come from a flood, a blocked water line located on city property, or somewhere else outside of the building, but rather came from inside the condominium's plumbing system. Accordingly, the water did not come from "outside the plumbing system," and State Farm's reliance on the **Water Damage** exclusion is unfounded.

## CONCLUSION

Only an unreasonable/unfair insurance company would misinterpret the **Water Damage** exclusion to deny coverage for water damage resulting from a blockage within the condominium's plumbing system. I look forward to receiving confirmation that State Farm has decided to extend coverage for this claim. In the unlikely event that coverage continues to be denied, please consider this letter to be my clients' request for all "Claim-Related Documents pursuant to Insurance Code section 2071. Those documents will allow me to review what investigation efforts State Farm engaged in before denying this claim. That includes all emails, letters, photographs and reports.

3264051

Scott Bagwell
April 26, 2019
Page 4

        In the meantime, your insureds continue to reserve any and all rights under the
policy and the law.  No waiver or estoppel is intended nor may be inferred.  Should you
have any questions or comments about the contents of this letter or any other aspect of my
evaluation of this claim please do not hesitate to contact e.

                                        Very truly yours,

                                        HOGE, FENTON, JONES & APPEL, INC.

                                        Daniel Marsh

DJM:djm
cc:     Client (via email only)

# EXHIBIT 3



State Farm General Insurance Company

July 23, 2019

Hoge - Fenton, Heather Cooper and David Henderson attn
Daniel Marsh
60 S Market St, Ste 1400
San Jose, Ca 95113.2396

State Farm Insurance Companies
Fire Claims
PO BOX 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

RE:   Claim Number:   05-5717-Q55
      Policy number:   97-C5-W530-4
      Date of Loss:    09-05-2018

Dear Daniel Marsh, Heather Cooper and David Henderson:

I have received and reviewed the letter of representation dated 4-26-19 from your Attorney Daniel Marsh.

On September 12th, 2018, we discussed the back-up of water through your kitchen sink drain. Based on that conversation it is State Farm's understanding that when your property manager entered the unit, the water supply was turned off but there was water damage to the flooring that smelled like sewage. It is also our understanding that no one was living in the unit at the time of the loss.

Based on the above description of events we have determined that the water damage being claimed, was caused by water that backed up from outside of your plumbing system. We have arrived at this determination due to the fact that the water was off and there was no tenant at the time.

Unfortunately the water event as described is not covered under your policy.

Please refer to the following language from your Rental Condominium Unit Owners policy form number FP-6131, which states in part:

**COVERAGE A - BUILDING PROPERTY, COVERAGE B - PERSONAL PROPERTY AND COVERAGE D - LOSS ASSESSMENT**

**SECTION I - LOSSES INSURED**

Heather Cooper and David Henderson
Page 2
December 28, 2018

We insure for accidental direct physical loss to the property covered under this policy except as provided in Section I - Losses Not Insured.

## SECTION I – LOSSES NOT INSURED

2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

**Water Damage**, meaning:

(1)   flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

(2)   water from outside the plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

However, we do insure for direct loss by fire, explosion or theft resulting from water damage, provided the resulting loss is itself a Loss Insured.

Further, because the damages is not caused by a loss insured against, there is no coverage for Loss of Rents.

We refer you to the following policy wording.

## COVERAGE C - LOSS OF RENTS

1.   **Fair Rental Value**. If a Loss Insured causes the **residence premises** rented to others or held for rental by you to become uninhabitable, we cover its fair rental value. Payment shall be for the shortest time required to repair or replace the part of the premises rented or held for rental but not exceeding 12 consecutive months from the date of loss. This period of time is not limited by expiration of this policy. Fair rental value shall not include any expense that does not continue while that part of the **residence premises** rented or held

Heather Cooper and David Henderson
Page 3
December 28, 2018

for rental is uninhabitableThe California Fair Claims Settlement Practices Regulations state that you must be notified of the following policy provision concerning suits against State Farm:

**SECTION I – CONDITIONS**

8. **Suit against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

The one period referred to does not include the time we take to investigate your claim. The time from the date of loss September 05, 2018 to the date you reported your claim to your agent does count in computing the amount of time that has already expired. The one year suit limitation period is again running as of the date of this letter.

Please refer to the endorsement language from endorsement FE-5310:

**UNITOWNER PROPERTY AMENDATORY ENDORSEMENT**

Under **SECTION I - COVERAGES, COVERAGE A - BUILDING PROPERTY** is replaced by the following:

**COVERAGE A - BUILDING PROPERTY**

We cover:

1.   alterations, appliances, fixtures and improvements which are part of the building contained within your unit;

2.   items of real property which pertain exclusively to your unit; or

3.   property which is your insurance responsibility under the governing rules of the **condominium**.

This coverage also includes your share of any **association** deductible but only when the deductible is not assessed against all unitowners.

We do not cover land, including the land necessary to support any Coverage A property. We do not cover any costs required to replace, rebuild, stabilize or otherwise restore the land, nor do we cover the costs of repair techniques designed to compensate for or prevent land instability.

Under **SECTION I - CONDITIONS**, Other Insurance is replaced by the following:

Heather Cooper and David Henderson
Page 4
December 28, 2018

**Other Insurance.** If a loss covered by this policy is also covered by other insurance, except insurance in the name of the **condominium**, we will pay only our share of the loss. Our share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

If, at the time of loss, there is other insurance in the name of the **condominium** covering the same property covered by this policy, this insurance will be excess over the amount recoverable under such other insurance.

All other policy provisions apply.

**We are required by California Insurance Regulations, Section 2695.7(b)(3), to advise you that if you believe this claim, or any part of this claim, has been wrongfully denied or rejected, you may have the matter reviewed by the California Department of Insurance, Claims Service Bureau, 300 South Spring Street, Los Angeles, California 90013, telephone 1-800-927-4357.**
We realize that you have suffered a financial loss and regret that we are unable to make payment for this claim. If there is additional information regarding this claim or if you need any additional explanation, please feel free to call us at the number and extension listed below. Our office hours are 6 a.m. to 9 p.m. Central time, Monday through Friday, and 7:30 a.m. to 7 p.m. on Saturday. Any claim representative will be able to assist you.

Sincerely,

Scott Bagwell
Claim Representative
972-657-1298
State Farm General Insurance Company

# EXHIBIT 4

# HOGE ▪ FENTON
### ATTORNEYS

Daniel J. Marsh
408.947.2405
daniel.marsh@hogefenton.com

September 3, 2019

<u>Via E-Mail and U.S. Mail</u>

Scott Bagwell
State Farm Claims
P.O. Box 106169
Atlanta, GA  30348-6169

> Re:   Henderson v. 428 Alice Owners Association
> Insureds    : David Henderson and Heather Cooper-Roth
> Date of Loss : 9/5/18
> Claim No.    : 05-5717-Q55
> Policy No.   : 97-C5-W530-4
> Our File No. : 200516

Dear Mr. Bagwell:

I am in receipt of your letter dated July 23, 2019 in the above referenced claim wherein you reiterate State Farm's decision to decline coverage for water intrusion into a my client's residential condominium unit in Oakland, California.  As set forth in more detail below, I continue to believe State Farm's coverage analysis is in error.  This is the last opportunity State Farm will have to rectify this wrongful denial before my clients explore their litigation options in the Norther District of California court here in Alameda.

## COVERAGE ANALYSIS

One of the benefits of giving insurance carriers the opportunity to justify their denial of coverage is that the end result is frequently replete with examples of contradictions that defy logic, butcher the policy, and demonstrate a selective sense of fairness all in pursuit of an overarching desire to not only deny coverage, but to vindicate what was clearly a bad decision.  This case is no different.

As a preliminary matter, your letter fails to actually address any of the issues raised in my prior correspondence dated April 26, 2019.  Rather, your letter simply reasserts, without any analysis or legal support, that the damage was caused by water that backed up "outside *your* plumbing system."  Your decision to "double down" on the phrase "outside *your* plumbing system" is telling, and provides a perfect example as to the defect with State Farm's analysis.  *As I have already explained*, nowhere in the policy does the phrase "*your* plumbing system" exist; nor is the term "plumbing system" defined.  *As I have already explained*, it is against fundamental policy interpretation to insert words into a policy, that do not otherwise exist, for the purpose of limiting coverage.  (*See Palp, Inc. v. Williamsburg National Ins. Co.* (2011) 200 Cal.App.4th 282, 290.)  *As I already have*

Scott Bagwell
September 3, 2019
Page 2

*explained*, the subject condominium complex has a single plumbing system that supplies water for all units.  The water causing damage to the property resulted from a backup within this plumbing system.[1]  Accordingly, the water did not come from "outside the plumbing system."

Your letter further references endorsement FE-5310 as grounds for denying coverage for this claim.  Endorsement FE-5310 states, in pertinent part:

Under **SECTION I – COVERAGES, COVERAGE A- BUILDING PROPERTY** is replaced by the following:

**COVERAGE A – BUILDING PROPERTY**

We cover:

1.   alterations, appliances, fixtures and improvements which are part of the building contained within your unit;

2.   items of real property which pertain exclusively to your unit; or

3.   property which is your insurance responsibility under the governing rules of the **condominium**.

This coverage also includes your share of any **association** deductible but only when the deductible is not assessed against all unitowners.

We do not cover land, including the land necessary to support any Coverage A property.  We do not cover any costs required to replace, rebuild, stabilize or otherwise restore the land, nor do we cover the costs of repair techniques designed to compensate for or prevent land instability.

Under **SECTION I – CONDITIONS**, Other Insurance is replaced by the following:

**Other Insurance.**  If a loss covered by this policy is also covered by other insurance, except insurance in the name of the **condominium**, we will pay only our share of the loss.  Our share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

If, at the time of the loss, there is other insurance in the name of the **condominium** covering the same property covered by this policy, this insurance will be excess over the amount recoverable under such other insurance.

---

[1] As opposed to a water line located on city property.

Scott Bagwell
September 3, 2019
Page 3

Your letter fails to explain how this endorsement language supports State Farm's decision to deny coverage for this loss. Based on our telephone discussion, it is my generally understanding that State Farm contends that there is no coverage because the back up occurred in the sewer system outside of my clients' unit, and the endorsement does not cover property outside the unit. Respectfully, such a position constitutes "pretzel logic," and represents a fundamental misunderstanding as to policy interpretation.

This endorsement clarifies what property is covered under the policy. It has no basis as to what causes of the damage are "covered." State Farm's position confuses causation with damage.[2] All of the property damage for which my clients are demanding coverage pertains to "alterations, appliances, fixtures and improvements which are part of the building contained within" my client's unit.

The endorsement, as it pertains to Other Insurance, further drives this point home. The only damage, for which insurance obtained by the **condominium** would provide coverage for an individual unit, is damage caused by an instrumentality under the control of the **condominium**. For example, a water line in the **condominium's** common area that backs up and causes water damage to an individual unit. Indeed, that is *exactly* what happened in this case. Unfortunately, the **condominium's** policy does not have sufficient coverage to complete my client's necessary repairs. Accordingly, State Farm is *obligated* to cover the remaining amount.

## CONCLUSION

Time is of the essence. My clients continue to incur costs to litigate this case against the HOA; costs which would be unnecessary if State Farm made the right decision and extended coverage for this claim. Those expenses, as well as the expenses incurred in obtaining coverage wrongfully denied by State Farm, are all recoverable, and are increasing daily.

I look forward to receiving word that State Farm has decided to extend first party property coverage for this claim. In the unlikely event that coverage continues to be denied, this reiterates my clients' request for all "Claim-Related Documents pursuant to Insurance Code section 2071." Those documents were due 15 days after my initial request dated April 26, 2019. They are now seriously overdue by a factor of more than four (4) months! Needless to say, if State Farm decides to extend coverage it doesn't need to respond to the claim-related documents request.

In the meantime, your insureds continue to reserve any and all rights under the policy and the law. No waiver or estoppel is intended nor may be inferred. Should you have any questions or comments about the contents of this letter or any other aspect of my evaluation of this claim please do not hesitate to contact me.

---

[2] For example, State Farm is surely not contending that coverage is not provided under the policy for a damage caused by a tree that crashes through the building causing damage to the unit's appliances. The fact that the cause of the damage (the tree) came from outside the unit does not mean that the policy does not provide coverage for the damage to the unit.

3409380

Scott Bagwell
September 3, 2019
Page 4

Very truly yours,

HOGE, FENTON, JONES & APPEL, INC.

Daniel Marsh

DJM:djm

3409380

# EXHIBIT 5

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



September 19, 2019

Hoge - Fenton  Attn: Daniel Marsh
60 S Market St Ste 1400
San Jose CA  95113-2396

State Farm Claims
PO Box 106169
Atlanta GA 30348-6169

*200516*
*C*
*9-26-19*
*TP*

*DWB/DJM*

RE:    Claim Number:        05-5717-Q55
       Date of Loss:        September 05, 2018
       Our Insured:         Heather Cooper
       Policy Number:       97C5W5304
       Your Client(s):      Heather Cooper and David Henders,.,

To Daniel Marsh

We have reviewed your demand letter dated September 3. 2019.   State Farm's position on the interpretion of the meaning of "The Plumbing System" has not changed.   We interpret it to mean the plumbing system within the unit owner's unit.  We will not be able to pay for your clients claim.  I have emailed you a copy of Heather Cooper's declaration page, policy and endorsments.

If you have any further questions or concerns please contact to discuss them.

Sincerely,

Scott Bagwell
Claim Specialist
(844) 458-4300 Ext. 9726571298

State Farm General Insurance Company

Enclosure: Coverage explanation letter



State Farm General Insurance Company

September 19, 2019

Heather Cooper and David Henderson
2111 Poquito St
Austin, TX 78722-2435

State Farm Insurance Companies
Fire Claims
PO BOX 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

RE:    Claim Number:   05-5717-Q55
       Policy number:   97-C5-W530-4
       Date of Loss:    09-05-2018

Dear Heather and David:

I have received and reviewed the letter of representation dated September 3, 2019 from your Attorney Daniel Marsh.

On September 12th, 2018, we discussed the back-up of water through your kitchen sink drain. Based on that conversation it is State Farm's understanding that when your property manager entered the unit, the water supply was turned off but there was water damage to the flooring that smelled like sewage. It is also our understanding that no one was living in the unit at the time of the loss.

Based on the above description of events we have determined that the water damaged being claimed, backed up from outside of the plumbing system of your unit, due to the fact that the water was off and there was no tenant at the time.

Unfortunately the water event as described is not covered under your policy.

Please refer to the following language from your Rental Condominium Unit Owners policy form number FP-6131, which states in part:

**COVERAGE A - BUILDING PROPERTY, COVERAGE B - PERSONAL PROPERTY AND COVERAGE D - LOSS ASSESSMENT**

**SECTION I - LOSSES INSURED**

We insure for accidental direct physical loss to the property covered under this policy except as provided in Section I - Losses Not Insured.

Heather Cooper and David Henderson
Page 2
December 28, 2018

## SECTION I – LOSSES NOT INSURED

2.  We do not insure under any coverage for any loss which would
not have occurred in the absence of one or more of the following
excluded events. We do not insure for such loss regardless of: (a)
the cause of the excluded event; or (b) other causes of the loss; or
(c) whether other causes acted concurrently or in any sequence
with the excluded event to produce the loss; or (d) whether the
event occurs suddenly or gradually, involves isolated or
widespread damage, arises from natural or external forces, or
occurs as a result of any combination of these:

**Water Damage,** meaning:

(1)  flood, surface water, waves, tidal water, overflow of
a body of water, or spray from any of these, all
whether driven by wind or not;

(2)  water from outside the plumbing system that enters
through sewers or drains, or water which enters
into and overflows from within a sump pump, sump
pump well or any other system designed to remove
subsurface water which is drained from the
foundation area; or

However, we do insure for direct loss by fire, explosion or
theft resulting from water damage, provided the resulting
loss is itself a Loss Insured.

Further, because the damages is not caused by a loss insured against, there is no coverage for
Loss of Rents.

We refer you to the following policy wording.

## COVERAGE C - LOSS OF RENTS

1.  **Fair Rental Value.** If a Loss Insured causes the **residence premises** rented
to others or held for rental by you to become uninhabitable, we cover its fair
rental value. Payment shall be for the shortest time required to repair or
replace the part of the premises rented or held for rental but not exceeding 12
consecutive months from the date of loss. This period of time is not limited by
expiration of this policy. Fair rental value shall not include any expense that
does not continue while that part of the **residence premises** rented or held
for rental is uninhabitableThe California Fair Claims Settlement Practices

Heather Cooper and David Henderson
Page 3
December 28, 2018

Regulations state that you must be notified of the following policy provision concerning suits against State Farm:

**SECTION I – CONDITIONS**

8. **Suit against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

The one period referred to does not include the time we take to investigate your claim. The time from the date of loss September 05, 2018 to the date you reported your claim to your agent does count in computing the amount of time that has already expired. The one year suit limitation period is again running as of the date of this letter.

Please refer to the endorsement language from endorsement FE-5310:

**UNITOWNER PROPERTY AMENDATORY ENDORSEMENT**

Under **SECTION I - COVERAGES, COVERAGE A - BUILDING PROPERTY** is replaced by the following:

**COVERAGE A - BUILDING PROPERTY**

We cover:

1. alterations, appliances, fixtures and improvements which are part of the building contained within your unit;

2. items of real property which pertain exclusively to your unit; or

3. property which is your insurance responsibility under the governing rules of the **condominium.**

This coverage also includes your share of any **association** deductible but only when the deductible is not assessed against all unitowners.

We do not cover land, including the land necessary to support any Coverage A property. We do not cover any costs required to replace, rebuild, stabilize or otherwise restore the land, nor do we cover the costs of repair techniques designed to compensate for or prevent land instability.

Under **SECTION I - CONDITIONS**, Other Insurance is replaced by the following:

Heather Cooper and David Henderson
Page 4
December 28, 2018

**Other Insurance.** If a loss covered by this policy is also covered by other insurance, except insurance in the name of the **condominium**, we will pay only our share of the loss. Our share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

If, at the time of loss, there is other insurance in the name of the **condominium** covering the same property covered by this policy, this insurance will be excess over the amount recoverable under such other insurance.

All other policy provisions apply.

We are required by California Insurance Regulations, Section 2695.7(b)(3), to advise you that if you believe this claim, or any part of this claim, has been wrongfully denied or rejected, you may have the matter reviewed by the California Department of Insurance, Claims Service Bureau, 300 South Spring Street, Los Angeles, California 90013, telephone 1-800-927-4357.
We realize that you have suffered a financial loss and regret that we are unable to make payment for this claim. If there is additional information regarding this claim or if you need any additional explanation, please feel free to call us at the number and extension listed below. Our office hours are 8 a.m. to 9 p.m. Central time, Monday through Friday, and 7:30 a.m. to 7 p.m. on Saturday. Any claim representative will be able to assist you.

Sincerely,

Scott Bagwell
Claim Representative
972-657-1298
State Farm General Insurance Company

# EXHIBIT 2

1  STEPHEN P. ELLINGSON (SBN 136505)
   CHERIE M. SUTHERLAND (SBN 217992)
2  HAYES SCOTT BONINO ELLINGSON
   GUSLANI SIMONSON & CLAUSE LLP
3  999 Skyway Road, Suite 310
   San Carlos, California 94070
4  Telephone:    650.637.9100
   Facsimile:    650.637.8071
5
   Attorneys for Defendant
6  STATE FARM GENERAL INSURANCE COMPANY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

10 DAVID HENDERSON and HEATHER          CASE NO. RG19047941
   COOPER-ROTH,
11                                       DEFENDANT STATE FARM GENERAL
              Plaintiffs,                INSURANCE COMPANY'S ANSWER TO
12                                       PLAINTIFFS' UNVERIFIED COMPLAINT
       vs.
13                                       DEMAND FOR JURY TRIAL
   STATE FARM GENERAL INSURANCE
14 COMPANY; and DOES 1 – 25, inclusive,
                                         [Assigned for all Purposes to Judge Noel Wise]
15            Defendants.

16

17      Defendant State Farm General Insurance Company ("State Farm" or "this answering

18 defendant"), in answer to the unverified complaint of plaintiffs herein, herewith denies each and

19 every, all and singular, the allegations of said unverified complaint, and in this connection this

20 answering defendant denies that plaintiffs have been injured or damaged in any of the sums

21 mentioned in said unverified complaint, or in any sum, or at all as the result of any act or omission

22 of this answering defendant.

23      AS A FIRST, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

24 TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

25 alleges that said complaint fails to state facts sufficient to constitute a cause of action against this

26 answering defendant.

27      AS A SECOND, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

28 AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

-1-

defendant alleges that the insurance policy at issue afforded no coverage, or coverage was barred, in whole or in part, by the terms, conditions, definitions, exclusions, provisions, or limitations contained in the policy allegedly issued by State Farm.

AS A THIRD, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs have waived and are estopped and barred from alleging the matters set forth in the complaint.

AS A FOURTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, plaintiffs failed to mitigate the amount of their damages.  The damages claimed by plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances.  The plaintiffs' failure to mitigate is a bar to their recovery under the complaint.

AS A FIFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiffs were either wholly or in part caused by plaintiffs or persons, firms, corporations or entities other than this answering defendant.

AS A SIXTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, plaintiffs failed to perform certain conditions precedent that were imposed upon the plaintiffs by contract.  The non-performance of said conditions excused defendant's obligations under the contract.

AS A SEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs cannot assert any contractual claims set forth in the complaint because plaintiffs prevented performance of said contract.

AS AN EIGHTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

1    defendant alleges that plaintiffs cannot assert any contractual claims set forth in the complaint

2    because plaintiffs materially breached said contract.

3        AS A NINTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

4    TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

5    alleges that plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages pursuant

6    to section 3294 of the Civil Code, violates defendant's rights to procedural due process under the

7    Fourteenth Amendment of the United States Constitution, and the Constitution of the State of

8    California, and therefore fails to state a cause of action upon which either punitive or exemplary

9    damages can be awarded.

10       AS A TENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

11    TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

12    alleges that plaintiffs' complaint, to the extent that it seeks punitive or exemplary damages pursuant

13    to section 3294 of the Civil Code, violates defendant's rights to protection from "excessive fines"

14    as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of

15    the Constitution of the State of California, and violates defendant's rights to substantive due process

16    as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the

17    Constitution of the State of California, and therefore fails to state a cause of action supporting the

18    punitive or exemplary damages claimed.

19       AS AN ELEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

20    AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

21    defendant alleges that the alleged causes of action set forth in the complaint are, and each of them

22    is, barred by any applicable contractual suit limitation period and/or the statute of limitations set

23    forth in sections 335 et seq. of the Code of Civil Procedure of the State of California, including but

24    not limited to sections 337, 338, 339 and 340, or in the insurance contract at issue.

25       WHEREFORE, this answering defendant prays for judgment as follows:

26          I.      That plaintiffs take nothing by their complaint;

27          2.      For costs of suit incurred herein; and

28    ///

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT – CASE NO. RG19047941

3.    For such other and further relief as the Court deems proper.

Dated:  March 9, 2020                    HAYES SCOTT BONINO ELLINGSON
                                        GUSLANI SIMONSON & CLAUSE, LLP


                                   By:  _Cherie M. Sutherland_
                                        STEPHEN P. ELLINGSON
                                        CHERIE M. SUTHERLAND
                                        Attorneys for Defendant
                                        STATE FARM GENERAL INSURANCE
                                        COMPANY


## DEMAND FOR JURY TRIAL

Defendant State Farm General Insurance Company hereby demands a trial by jury.

Dated:  March 9, 2020                    HAYES SCOTT BONINO ELLINGSON
                                        GUSLANI SIMONSON & CLAUSE, LLP


                                   By:  _Cherie M. Sutherland_
                                        STEPHEN P. ELLINGSON
                                        CHERIE M. SUTHERLAND
                                        Attorneys for Defendant
                                        STATE FARM GENERAL INSURANCE
                                        COMPANY

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT – CASE NO. RG19047941

| | |
|---|---|
| **CASE NAME:** | **Henderson v. State Farm General Insurance Company** |
| **CASE NO.:** | **Alameda County Superior Court No.: RG19047941** |

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 999 Skyway Road, Suite 310, San Carlos, California 94070. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

**DEMAND FOR JURY TRIAL**

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Carlos, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ (BY EMAIL) by transmitting via email the document(s) listed above to the corresponding email address(es), or as stated on the attached service list, on this date before 5:00 p.m.

Daniel W. Ballesteros, Esq.
Daniel J. Marsh, Esq.
Hoge Fenton Jones & Appel, Inc.
60 South Market Street, Suite 1400
San Jose, California 95113-2396
Telephone: 408.287.9501
Facsimile: 408.287.2583
Email: dan.ballesteros@hogefenton.com
Email: daniel.marsh@hogefenton.com

**Attorneys for Plaintiffs**
**DAVID HENDERSON and HEATHER COOPER-ROTH**

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 9, 2020 at San Carlos, California.

Kristina Dillingham

-1-
**PROOF OF SERVICE – CASE NO. RG19047941**

CASE NAME:        **Henderson v. State Farm General Insurance Company**
CASE NO.:

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 999 Skyway Road, Suite 310, San Carlos, California 94070. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☒  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Carlos, California.

☐  (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐  (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐  (BY EMAIL) by transmitting via email the document(s) listed above to the corresponding email address(es), or as stated on the attached service list, on this date before 5:00 p.m.

Daniel W. Ballesteros, Esq.
Daniel J. Marsh, Esq.
Hoge Fenton Jones & Appel, Inc.
60 South Market Street, Suite 1400
San Jose, California 95113-2396
Telephone:  408.287.9501
Facsimile:  408.287.2583
Email:  dan.ballesteros@hogefenton.com
Email: daniel.marsh@hogefenton.com

**Attorneys for Plaintiffs**
**DAVID HENDERSON and HEATHER COOPER-ROTH**

☒  *(State)*  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 10, 2020 at San Carlos, California.

_____
Abigail Calderon

-1-
**PROOF OF SERVICE**